NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

JOSEPH M. LOGMANS,

        Petitioner,

        v.

TERRANCE MOORE, et al.,

        Respondents.

Civil Action No. 02-5622 (JAP)

**O P I N I O N**

**APPEARANCES:**

    JOSEPH M. LOGMANS, Petitioner pro se
    # 261471
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey 07065

    NANCY A. HULETT, ESQ.
    OFFICE OF THE NEW JERSEY ATTORNEY GENERAL
    Division of Criminal Justice, Appellate Section
    P.O. Box 086
    Trenton, New Jersey 08625

**PISANO**, District Judge

    This matter comes before the Court upon pro se Petitioner, Joseph M. Logmans' ("Logmans") motion for reconsideration of this Court's April 29, 2005 Opinion and Order denying habeas relief. Logmans filed his motion on or about May 6, 2005. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion for reconsideration is denied.

## I. BACKGROUND

On November 22, 2002, Logmans filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a New Jersey state court conviction and sentence. On March 13, 2003, respondents filed an answer to the petition with a copy of the relevant record. Logmans filed a reply on March 27, 2003. On April 29, 2005, this Court entered an Opinion and Order denying Logmans' § 2254 habeas petition on the merits, and declining to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Logmans filed this motion for reconsideration on May 6, 2005.

In his motion, Logmans asserts that the Court erred in failing to consider the victim's trial testimony regarding discrepancies as to the color of the assailant's pants, car, and the appearance of a scar. Logmans contends that the Court should have held an evidentiary hearing on the issue of identification. He also contends that the Court erred in its conclusion that DNA testing was not needed or relevant. Logmans points to no new evidence or case law to support his motion for reconsideration. Instead, he simply rehashes the claims originally made and considered by this Court.

## II. ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v.

2

Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88

F. Supp.2d at 345; see also L.Civ.R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered. See G-69 v.

Doonan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Logmans has not satisfied the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. Rather, Logmans merely recasts the arguments previously raised before this Court and states that this Court's decision was unfairly or wrongly adjudicated. In other words, he simply disagrees with this Court's decision in denying habeas relief. Logmans' recourse, if he disagrees with this Court's

decision, should be via the normal appellate process. He has not yet filed an appeal from this Court's April 29, 2005 decision. Therefore, Logmans may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

For the reasons expressed above, Logmans' motion for reconsideration will be denied.

_____
JOEL A. PISANO
United States District Judge

Dated: 7/18/05